**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Richard R. Wescott

v.                                    Civil No. 10-cv-598-PB

Richard Gerry, Warden,
New Hampshire State Prison[1]


# O R D E R


Before the Court is Richard Wescott's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (doc. no. 1). The petition comes before this Court for preliminary review to determine whether it is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

---

[1]Wescott has also named the State of New Hampshire as a respondent to this action. Because petitioner is in custody pursuant to a state court judgment, the proper respondent is the petitioner's custodian, Richard Gerry. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition will therefore be construed as naming Gerry as the sole respondent.

## Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949

(2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at ___, 129 S. Ct. at 1949. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 28 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.").  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp., 550 U.S. at 556.  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft, ___ U.S. at ___, 129 S. Ct. at 1950 (citation omitted).

3

**Background**

A.   Wescott's Plea, Conviction, and Sentence

In 1998, Wescott pleaded guilty in the New Hampshire Superior Court to four counts of aggravated felonious sexual assault.  The offenses to which he pleaded guilty occurred between 1986 and 1988.  Pursuant to a negotiated plea agreement between Wescott and the State, the Superior Court sentenced Wescott to ten to thirty years in prison on one charge, five to ten years in prison on a second charge to be served consecutively to the first sentence, and to suspended prison terms on the remaining two charges.  Wescott began to serve those sentences on or about June 8, 1998.

B.   Initial Parole Consideration: May 8, 2008

Upon the expiration of the minimum term of Wescott's first and longest sentence, the prison determined that Wescott was eligible to be considered for parole and set a parole hearing for May 8, 2008, approximately thirty days in advance of his minimum parole eligibility date.  Wescott was denied parole. Wescott has previously filed a petition for a writ of habeas corpus in this Court challenging that denial of parole.  See Wescott v. Gerry, 09-cv-334-JD.  The Court dismissed Wescott's 2009 habeas petition on its merits.  See id. (Order dismissing habeas petition Nov. 24, 2009).

4

C.    <u>State Court Litigation: November 2009 to November 2010</u>

On November 9, 2009, Wescott filed a motion to vacate his guilty pleas in the Superior Court.  Wescott's motion alleged that the State had breached the 1998 negotiated plea agreement and that, therefore, Wescott's incarceration pursuant to that agreement is illegal.  Wescott further argued in Superior Court that because New Hampshire statutes expressly authorize neither consecutive sentences nor parole of an inmate to a consecutive sentence, his consecutive sentences are illegal, and his subjection to consideration for parole only to his consecutive sentence, rather than to the community, is also illegal.

Wescott's state court arguments centered on the language of N.H. Rev. Stat. Ann. ("RSA") § 651-A:6, II, at the time his offenses were committed.  RSA 651-A:6, II, stated, in 1986-1988, that an inmate with multiple sentences was eligible for parole consideration upon the expiration of the minimum term of his longest sentence.  RSA 651-A:6, II (1983).  In Wescott's case, that statute, if applied, places his initial eligibility for parole on June 8, 2008.  It is apparently this version of the statute that the parole board relied on in holding a May 2008 parole hearing for Wescott.

In 1992, the provision in RSA 651-A:6, II, regarding the calculation of an inmate's parole eligibility date, was replaced with a provision setting the initial parole eligibility date at

the end of the total of the minimum terms of the two longest sentences imposed.  <u>See</u> RSA 651-A:6, II (1992).  That version of the statute, since repealed, was in effect at the time of Wescott's sentencing.  Under that version of the statute, Wescott would not become eligible for parole consideration until June 13, 2013.

Wescott asserted, in the state court motion to vacate his plea agreement, that in 1986-1988, when his crimes were committed, sentences were usually imposed concurrently, and not consecutively, and therefore, the version of RSA 651-A:6, II, in effect in 1986-1988, which authorized consideration for parole after the expiration of the minimum of a prisoner's longest sentence, anticipated that parole, if granted, would usually mean releasing an individual to the community and not to a consecutive sentence.  Wescott contended in state court that in 2008 and 2010, at his parole hearings, the parole board only considered whether to parole him to his consecutive sentences.

Wescott further argued in the state courts that the failure of the legislature to articulate that the parole board has the authority to parole an inmate to his consecutive sentence rather than to the community means that the parole board has no such authority.  Accordingly, Wescott extrapolated, his plea agreement anticipated that the law in effect at the time his offenses were committed would control the terms of his sentence,

including his eligibility for parole.  Wescott urged the state
trial court to find that any current objection by the State to
Wescott's eligibility for parole to the community rather than to
a consecutive sentence, after the expiration of the minimum term
of his longest sentence, therefore, violated the 1998 negotiated
plea agreement.  Wescott argued the State's alleged breach of
the plea agreement required the trial court to vacate his plea.

On February 25, 2010, in the state court proceeding, the
State objected to Wescott's motion to vacate his guilty pleas.
The State maintained that Wescott misinterpreted RSA 651-A:6,
II, on the basis that in 1988, that statute contained a
reference to RSA 651:3, III, a statute, repealed in 1975, that
addressed the calculation of sentences and parole eligibility
for those convicted of escape.  Because Wescott was not charged
with escape, the State argued, the motion to vacate his pleas
should be denied.  On March 4, 2010, the trial court denied
Wescott's motion to vacate his guilty pleas "for the reasons set
forth by the State in its objection."

On April 14, 2010, Wescott filed a response to the State's
objection in the trial court[2], arguing that the legal theory
posited by the State, and underlying the March 2010 decision,
was incorrect.  Wescott argued, in part, that his plea agreement

---

[2]The response was actually entitled "Defendant's Second
Motion for Summary Judgment Pursuant to RSA 491:8-A."

disposing of the 1986-1988 charges relied on the 1986-1988
version of RSA 651-A:6, II, as it related to people with
multiple sentences, but could not have contemplated reliance on
the statute's reference to an escape statute repealed in 1975.
Therefore, Wescott asserted, the court should have rejected the
State's legal theory and vacated Wescott's guilty pleas.  On
June 19, 2010, the trial court denied Wescott's April 14, 2010,
request to grant relief over the State's objection.

On July 1, 2010, Wescott filed a motion to reconsider.  The
trial court denied that motion on August 23, 2010.

Wescott filed a notice of appeal in the New Hampshire
Supreme Court ("NHSC") on September 17, 2010, one month before
he was granted a second parole hearing, on October 21, 2010.
Wescott supplemented his state court appeal with "Appellant's
Enumerated Motion in Light of New Evidence and Malicious Abuse
of Process," which added information and arguments related to
his second parole hearing.  The NHSC accepted the motion,
thereby supplementing the record, but declined the notice of
appeal on November 4, 2010.

D.   October 21, 2010, Parole Hearing

Wescott appeared before the parole board for a second
parole hearing on October 21, 2010.  The Assistant Hillsborough
County Attorney who litigated Wescott's state court post-

conviction motions, as well as the former Hillsborough County
Attorney who prosecuted Wescott in the 1990s, appeared at the
hearing.  Wescott asserts that, at the hearing, the prosecutors
argued to the parole board that Wescott is not entitled to
parole consideration until June 8, 2013.  The board ultimately
denied Wescott parole in October 2010, for reasons that are not
clearly stated in Wescott's petition.  Wescott seems to assert
that his parole was denied because the parole board agreed with
the prosecutors' position on Wescott's statutory parole
eligibility.

### The Claims

Wescott has set forth the following claims for relief in
his petition for writ of habeas corpus, filed in this Court[3]:

1.  Claim Challenging 2008 Denial of Parole

Wescott's Fourteenth Amendment due process rights,[4]
were violated when, at his May 8, 2008 parole hearing, he

---

[3]The claims, as identified herein, will be considered to be
the claims raised in this case for all purposes.  If Wescott
objects to the claims as identified here, he must do so by
filing a timely objection to this Report and Recommendation and
by properly moving to amend his complaint.

[4]Wescott asserts that he has an Eighth Amendment right not
to be punished without legal justification.  Wescott's claim,
alleging that he is presently incarcerated pursuant to an
improperly imposed and executed sentence, actually describes a
violation of Wescott's Fourteenth Amendment right not to be
punished without due process of law.

was considered only for parole to his consecutive sentence, rather than to the community.  See Pet. (Ground II).[5]

2.   Claims Challenging 2010 Denial of Parole

        a.   Wescott's right, accorded him by the Due Process Clause of the Fourteenth Amendment,[6] not to be subjected to ex post facto laws was violated when the State improperly failed to apply the version of RSA 651-A:6, II, in effect at the time his offenses were committed, in considering and denying him parole on October 21, 2010.  See Pet. (Ground I).

        b.   Wescott's Fourteenth Amendment due process rights were violated when, at his October 21, 2010, parole hearing, he was considered only for parole to his consecutive sentence, rather than to the community.  See Pet. (Ground II).

3.   Claims Challenging Judgment of Conviction and Sentence and Denial of Motion to Vacate Guilty Plea

        a.   Wescott's right not to be subjected to ex post facto laws, accorded him by the Due Process Clause of the Fourteenth Amendment, was violated when the Superior Court declined to vacate his plea agreement upon improperly applying the 1992 version RSA 651-A:6, II to Wescott's sentence.  See Pet. (Ground I).

        b.   Wescott's Fourteenth Amendment right to due process was violated by the State's efforts to

_____

[5]Wescott has labeled the claims in his petition Grounds I – VII.  The Court now reorganizes the claims for purposes of clarity, and refers in parentheticals after each identified claim to the enumerated ground asserted by Wescott in his petition.  The assertions in Wescott's Ground V do not present any new claim for relief.  Accordingly, the claims identified by the Court do not reference Wescott's Ground V.

[6]Wescott claims his right not to be subjected to "ex post facto" laws accrues under the Ninth Amendment to the United States Constitution.  The right, however, accrues to Wescott under the Fourteenth Amendment's due process clause.

effectively increase his minimum sentence, and thereby alter that sentence to Wescott's detriment.  <u>See</u> Pet. (Ground III).

c.   Wescott's Fifth Amendment right not to be twice placed in jeopardy for the same offense has been violated by the State's insistence that Wescott be paroled to his second sentence, rather than to the community, resulting in two punishments where only one is legally authorized.  <u>See</u> Pet. (Ground III).

d.   Wescott's Fourteenth Amendment right not to be subjected to an ex post facto law has been violated by the state courts' erroneous interpretation of state statutory and common law, and their resulting failure to adjudicate Wescott's claims on their merits.  <u>See</u> Pet. (Ground IV).

e.   Wescott's Fourteenth Amendment rights have been violated by the failure of State prosecutors, judges, and parole board members to support and apply a consistent opinion and interpretation regarding the applicable law governing Wescott's sentencing and parole eligibility.  <u>See</u> Pet. (Ground VI).

f.   Wescott's Fourteenth Amendment due process rights have been violated by the refusal of the state courts to apply the rule of lenity to his case, which, if applied, would require the courts to resolve ambiguity in the parole eligibility statute in Wescott's favor.  <u>See</u> Pet. (Ground VII).

## Discussion

Liberally construed, in eight of the above-enumerated nine claims, Wescott challenges his confinement due to illegalities in his conviction and sentence or in his 2010 parole hearing. One claim, Claim 1 above, challenges Wescott's confinement due to an allegedly illegal application of law in his 2008 parole hearing.

11

28 U.S.C. § 2244 states in relevant part:

. . . .

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

. . . .

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . . .

Accordingly, if Wescott's petition is properly characterized as a second or successive petition, this Court is without jurisdiction to consider the petition unless and until it is approved for review by the United States Court of Appeals for the First Circuit.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (district court has no jurisdiction to consider second or successive habeas petition where petitioner did not obtain authorization from court of appeals to file petition).

Previously, this Court considered a habeas petition from Wescott challenging the 2008 denial of his parole.  Wescott was denied habeas relief on the merits of his 2008 habeas petition.

If Wescott's current petition raised claims arising only out of the 2010 denial of parole, the petition would not be barred as a second or successive petition, even if it raised

12

challenges to the 2010 parole decision that were or could have been addressed to the 2008 parole decision in a previous habeas petition.  See Restucci v. Bender, 599 F.3d 8, 10 (1st Cir. 2010) (habeas petition challenging denial of parole is not second or successive where claims arose after previous habeas petition seeking review of state court conviction was denied and petitioner "could not have raised them in the earlier petitions."); accord Magwood v. Patterson, ___ U.S. ___, ___, 130 S. Ct. 2788, 2796 (2010) (issues raised in challenge to second sentencing hearing that could have been raised at first sentencing hearing were not barred in habeas action challenging only judgment arising out of second hearing).  On the other hand, if all of the claims in Wescott's petition had challenged the 2008 parole hearing decision, the petition would be successive, and would have to be dismissed in its entirety, in the absence of the required authorization from the Court of Appeals.  See Magwood, 130 S. Ct. at 2796; 28 U.S.C. § 2244(3)(b).

Referring to habeas petitions containing both successive and nonsuccessive claims, some courts have treated this breed of "mixed" petition as they have petitions containing both exhausted and unexhausted claims.  See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003); Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001).  These courts have

declined to review "mixed" petitions, holding that a district court presented with a petition containing both successive and non-successive claims "should afford the prisoner the choice of seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." Winestock, 340 F.3d at 205-06 (quoting Pennington, 257 F.3d at 859) (internal quotation marks omitted). The Winestock court construed § 2244(b)(3)'s jurisdictional bar to "extend[] to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately." Winestock, 340 F.3d at 205; but see Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006) (declining to adopt analysis based on rules developed in context of exhaustion and instead directing district courts to address merits of non-successive claims and to transfer to court of appeals successive claims for authorization).

Where, as here, the successive claim is intertwined factually and legally with the non-successive claims, the Court finds that, to comply with the jurisdictional requirements of § 2244(b)(3), this Court should withhold review of any of the claims until either the petitioner foregoes his successive claim or the First Circuit renders a decision on the reviewability of that claim.  This approach, endorsed by the Fourth and Eighth

14

Circuits in <u>Winestock</u>, 340 F.3d at 206, and <u>Pennington</u>, 257 F.3d at 858, avoids the waste of judicial resources that would occur in fragmenting the case by sending one claim to the First Circuit while proceeding to the merits on the remaining, interrelated claims in District Court.

### Conclusion

For the foregoing reasons, Wescott is directed to, within thirty days of the date of this Order, notify the Court in writing as to whether he seeks to forego his successive claim, numbered Claim 1 above, or whether he wants this matter stayed and held in abeyance while he seeks authorization from the United States Court of Appeals for the First Circuit, to pursue Claim 1 in this Court.

Failure to comply with the terms of this Order may result in the dismissal of Wescott's petition, or of one or more claims contained therein.

**SO ORDERED.**

_____

Landya B. McCafferty
United States Magistrate Judge

Date:  March 16, 2011

cc:  Richard R. Wescott, pro se

LBM:jba