### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

Richard R. Wescott

     v.                          Civil No. 10-cv-598-PB

Richard Gerry, Warden,
New Hampshire State Prison

### REPORT AND RECOMMENDATION

Richard Wescott filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. nos. 1 and 2). Wescott then filed an additional memorandum (doc. no. 3). Upon review of those filings, the court ordered Wescott to amend his petition (doc. no. 4). Wescott has now filed a motion to amend his petition (doc. no. 5). The motion to amend has been granted and the court will construe the petition in this matter to consist of all of Wescott's pleadings filed in this case to date (doc. nos. 1-3 and 5). The petition is pending before the court for preliminary review to determine, among other things, whether this court has jurisdiction. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28

U.S.C. § 1915A).  As explained herein, the court recommends that this matter be dismissed for lack of jurisdiction.

## Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94,

2

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at ___, 129 S. Ct. at 1949. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 28 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."). The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp., 550 U.S. at 556. Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, ___ U.S. at ___, 129 S. Ct. at 1950 (citation omitted).

## Background[1]

In 1998, Richard Wescott was convicted of four counts of felonious sexual assault, committed between 1986 and 1988. Pursuant to a negotiated plea agreement, Wescott was sentenced to a ten to thirty year sentence, a consecutive five to thirty year sentence, and two suspended prison sentences. Wescott started serving his sentence on or about June 10, 1998.

A parole hearing was held in May 2008, approximately one month before the expiration of the ten-year minimum term of Wescott's first sentence. Parole was denied. Wescott was also denied parole after hearings held in October 2010 and January 2011.

On October 1, 2009, Wescott filed a habeas petition in this court challenging the May 2008 denial of parole on grounds other than those raised here – that the parole board improperly applied administrative parole regulations and denied Wescott parole on an improper basis. See Wescott v. Gerry, Civ. No. 09-

---

[1]The order to amend issued by this court on March 16, 2011 (doc. no. 4), articulated facts alleged in the petition. Rather than repeat the entire factual background here, the court now sets forth only the facts necessary to its determination on preliminary review.

cv-334-JD (doc. no. 1).  The 2009 petition was dismissed on the merits on November 24, 2009.  See id. (doc. no. 6).

In November 2009, Wescott began litigation in the state courts challenging the legality of his sentence and incarceration, and the refusal of the prison to release him on parole on June 10, 2008, the date he reached the end of the minimum term of his ten to thirty year sentence.  Wescott challenged that failure to release him on the grounds that the state either misapplied or refused to correctly apply N.H. Rev. Stat. Ann. ("RSA") § 651-A:6, II, the law governing parole eligibility for inmates with multiple concurrent or consecutive sentences, as it existed at the time his offenses were committed.

Wescott argues that the state has no authority to continue to incarcerate him after June 10, 2008, and that because no such authority exists, the state was required to release him on parole to society on that date.  Wescott asserts that his continued incarceration since June 10, 2008, is illegal and constitutes not only a misapplication of state sentencing and parole eligibility statutes, but a breach of his 1998 plea agreement.

This court initially construed Wescott's instant petition as raising nine claims, eight challenging his post-2008 denial of parole, and one challenging the 2008 denial of parole.  See

Doc. No. 4 (Order) at p. 9-11.  Although the claim challenging the 2008 denial of parole appeared to raise different grounds than were raised in Wescott's first petition for habeas relief, the court directed Wescott to amend his petition to remove the claim challenging the 2008 denial of parole, or to request a stay of this matter while he sought permission from the First Circuit Court of Appeals to file a successive petition, as required by 28 U.S.C. § 2244(b)(3)(A).

Wescott responded with "Petitioner's Motion to Amend Pursuant to Fed. R. 15.1(a)" (doc. no. 5).  The assertions in the motion make clear that this court misconstrued the claims petitioner intended to raise in this matter.  Petitioner's motion states that he is challenging the legality of his present incarceration on the basis of the state's refusal to properly apply RSA 651-A:6, II.  Thus, Petitioner's instant claims are the same as the claims he has been litigating in both the state courts and before the parole board since June 10, 2008.  This court now rescinds its statement of the claims in the previously issued order to amend (doc. no. 4) in favor of the following statement of Wescott's claims, which will now be considered to be the claims in the petition for all purposes:

1.   Wescott has been illegally incarcerated since June 10, 2008, because the state, including the state courts, parole board members, prison administration, Hillsborough County

Attorney's office, and the Attorney General's office, misapplied
and misunderstood RSA 651-A:6, II, and thus failed to parole
Wescott to society on June 10, 2008.

2.    The state, by improperly interpreting and applying RSA
651-A:6, II, has breached its 1998 plea agreement with Wescott,
rendering Wescott's incarceration pursuant to that agreement
illegal.

## Discussion

The instant petition for habeas relief was filed on
December 28, 2010, and is subject to the provisions of the
Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
28 U.S.C. § 2244.  As stated above, this is Wescott's second
habeas petition before this court.  If a prisoner wishes to file
a "second or successive" habeas petition, he must follow certain
procedures before this court can consider his claims, pursuant
to 28 U.S.C. § 2244(b).  Section 2244(b) states in pertinent
part:

> (1) A claim presented in a second or
> successive habeas corpus application under section
> 2254 that was presented in a prior application shall
> be dismissed.

> (2) A claim presented in a second or successive
> habeas corpus application under section 2254 that was
> not presented in a prior application shall be
> dismissed unless –

(A) the applicant shows that the claim
relies on a new rule of constitutional law, made
retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable;
or

(B)(i) the factual predicate for the claim
could not have been discovered previously through
the exercise of due diligence; and

(ii) the facts underlying the claim, if
proven and viewed in light of the evidence as a
whole, would be sufficient to establish by clear
and convincing evidence that, but for
constitutional error, no reasonable factfinder
would have found the applicant guilty of the
underlying offense.

(3)(A) Before a second or successive application
permitted by this section is filed in the district
court, the applicant shall move in the appropriate
court of appeals for an order authorizing the district
court to consider the application.

AEDPA requires approval of the federal court of appeals before a

second or successive habeas corpus petition, as defined by that

statute, may be filed in a federal district court, even if the

petition raises new factual or legal grounds for relief.  28

U.S.C. § 2244(b)(2); see also Burton v. Stewart, 549 U.S. 147,

152-53 (2007).  AEDPA strips the district court of jurisdiction

over such a petition unless and until the federal court of

appeals has decreed that it may go forward.  See Magwood v.

Patterson, ___ U.S. ___, ___, 130 S. Ct. 2788, 2796 (2010) ("if

an application is 'second or successive,' the petitioner *must*

obtain leave from the Court of Appeals before filing it with the

district court" (emphasis added)).  A habeas petition filed in

8

the district court without the requisite authorization from the
appellate court should be dismissed.  See id.

Wescott's first habeas petition in this court, Wescott v.
Gerry, Civ. No. 09-cv-334-JD, challenged, among other things the
parole board's denial of Wescott's parole at his May 2008 parole
hearing and related proceedings.  That petition asserted that
the parole board wrongly determined that Wescott had not met
certain criteria for release, and that the parole board had no
authority to deny his parole under the administrative rules
governing parole hearings and the conduct of the parole board.
See id. (doc. no. 1).

Wescott now states that in the instant petition he is not
challenging any determination by the parole board that he has
failed to meet any of the criteria for parole consideration or
that the parole board has violated its administrative
procedures.  Instead, Wescott makes only a challenge to the
legality of his incarceration after June 10, 2008, based on the
state's misapplication of state laws governing parole
eligibility and sentencing for individuals sentenced to
consecutive terms of imprisonment.

A petition, such as the instant petition, asserting a claim
that petitioner was improperly denied parole, would not be
considered a "second or successive" petition for purposes of 28
U.S.C. § 2244, and thus not subject to that statute's

9

gatekeeping provisions, "if the prisoner did not have an opportunity to challenge the state's conduct in a prior § 2254 petition." Restucci v. Bender, 599 F.3d 8, 10 (1st Cir. 2010). In other words, if the events giving rise to the second petition had not occurred, and therefore could not have been known, at the time the first petition was filed, the second petition would not be "second or successive" and would not require that petitioner seek authorization to file the second petition before filing it in the district court pursuant to § 2244(b)(3)(A). See Restucci, 599 F.3d at 10; United States v. Buenrostro, ___ F.3d ___, ___, 2011 WL 1023696, at *4 (9th Cir. 2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded" without being subject to § 2244's gatekeeping provisions).

Here, however, Wescott states several times in the various pleadings filed in this action that he was aware of the statutory issue raised in his current petition before October 1, 2009, the date he filed his first habeas petition in this court.[2]

---

[2]See Compl. (doc. no. 1) at p. 2, ¶ 5 ("This petition *does not* concern whether or not the petitioner meets the mandated non-discretionary criteria for being paroled." (emphasis in original)); id. at p. 8, ¶ 44(a) ("The petitioner asserts that he is being . . . unlawfully imprisoned directly due to the State's intentional act of denying the proper application of penal statute RSA 651-A:6, II which had been amended after the date of the petitioners [sic] charged offenses (1986-1988), and before he was sentenced (1998) and sought parole (2008 & 2010). . . ."); Compl. (doc. no. 1) at p. 18, ¶ 55(j) ("The

Certainly the information necessary to raise that claim was available to him as of June 11, 2008, the date he claims his illegal incarceration commenced.  Wescott's 2009 habeas petition was still pending in this court on the date that Wescott filed a state court challenge to his incarceration based on the argument in the instant petition.  <u>See</u> Attach. 6 to Compl.  Wescott never attempted to include the issue in his original petition, or seek to amend and stay that petition to add the claim to that petition and exhaust it before litigating it in this court.

Wescott argues that his present petition is not successive because the claims raised therein appear nowhere in his first petition.  Section 2244, by its terms, precludes his argument: "A claim presented in a second or successive habeas corpus application under section 2254 *that was not presented in a prior application* shall be dismissed . . ." unless certain requirements are met.  28 U.S.C. § 2244(b)(2) (emphasis added).  Wescott's decision not to bring all of the claims he could in

_____

petitioner brings to this Honorable Court the fact that he has exceeded 2½ years of unlawful incarceration, caused directly by the wanton apathy of the State. . . ."); <u>see also</u>, Attach. 1 to Compl., Inmate Request Slips dated July 28, 2008, August 14, 2008, and August 25, 2008 (making statutory argument presented in instant petition); Attach. 6 to Compl., Motion to Vacate Pleas of Guilty filed in state court November 20, 2009 (presenting arguments presented in instant petition); Petitioner's Mem. in Lieu of New Evidence Not Previously Existing (doc. no. 3) at p. 3 (stating that he has been litigating the statutory issue in instant petition in the state courts for nearly three years).

his first petition does not entitle him to a second petition in which he can raise the second claims.  See Burton, 549 U.S. at 154 (where petitioner with both exhausted and unexhausted claims elects to proceed in a federal habeas action on exhausted claims only, rather than bring a mixed petition or wait until all claims are exhausted, second petition containing the previously unexhausted claims is "second or successive").

If a second-in-time habeas petition "is filed after an initial petition was dismissed *without adjudication on the merits* for failure to exhaust state remedies," the second petition is not "second or successive" under 28 U.S.C. § 2244. Burton, 549 U.S. at 155 (emphasis in original).  That is not this case.  Wescott's first petition was not dismissed as unexhausted, but was adjudicated and dismissed on its merits. See Wescott v. Gerry, Civ. No. 09-cv-334-JD (D.N.H. Nov. 24, 2009) (order dismissing petition).  Wescott's second petition, presently before the court, raising arguments that could have been raised in the first petition, challenging the same judgment, is therefore "successive" under § 2244.  See Burton, 549 U.S. at 156.

In its recent decision in Magwood, the Supreme Court found that a claim raised in a second-in-time habeas petition, although it could have been but was not raised in the first habeas petition, did not render the second petition "successive"

12

under 28 U.S.C. § 2244 because, in that case, the petitioner was challenging "a new judgment for the first time." Magwood, 130 S. Ct. at 2792.  In Magwood, the Court found petitioner could raise, in his second habeas petition, an argument challenging his sentence that he could have raised in his first petition, only because petitioner had been resentenced after the first petition was litigated, and the second petition challenged the second distinct judgment of sentence.  See id. at 2798-99.

There is no such intervening judgment here.  Wescott challenges the same failure to release him on June 10, 2008, that he could have raised in his first petition.  Wescott had an opportunity to challenge this alleged error in his first petition in this court and did not do so.  See id. at 2798 (citing Beyer v. Litscher, 306 F.3d 504, 507 (7th Cir. 2002) ("[A] prisoner is entitled to one free-standing collateral attack per judgment, rather than one attack per stretch of imprisonment.")).  Wescott's ongoing incarceration pursuant to that error does not equate to a new judgment or new sentencing.

Because Wescott has neither sought nor obtained the required authorization from the First Circuit to file this successive petition, this court lacks jurisdiction to consider it.  See Magwood, 130 S. Ct. at 2796; Burton, 49 U.S. at 152-53. The court therefore recommends that the petition be dismissed

without prejudice to Wescott's ability to request authorization to file the petition from the First Circuit.

## Conclusion

For the foregoing reasons, the court recommends that the petition be dismissed without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: April 6, 2011

cc:  Richard R. Wescott, pro se

LBM:jba